UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKY MCCUTCHEON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-0696 |
| ) | Judge Sharp |
| FINKELSTEIN, KERN, STEINBERG & ) | |
| CUNNINGHAM, ATTORNEYS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

This is an action brought under Fair Debt Collection Practices Act ("FDCPA") and the Electronic Funds Transfer Act ("EFTA"), arising out of Defendant Finkelstein, Kern, Steinberg & Cunningham's ("FKSC's") allegedly "highly offensive" conduct (Docket No. 1 at 3 ¶ 12) in collecting and/or attempting to collect a $4.24 processing fee not expressly authorized by the agreement creating the debt. After Defendant filed its Motion to Dismiss (Docket No. 17), Plaintiff conceded that dismissal of his EFTA claims is appropriate (Docket No. 1 at 1 & 11), leaving for consideration Plaintiff's FDCPA claim.

In moving to dismiss, Defendant identifies the "relevant facts" as follows:

> Plaintiff claims that FKSC violated the FDCPA and EFTA by debiting Plaintiff's account in amounts exceeding those authorized by Plaintiff in connection with a judgment obtained against Plaintiff in Davidson County General Sessions Court on June 21, 2010. Specifically, Plaintiff states that the $4.24 fee charged to Plaintiff each time he called in a debit card payment by phone violated the EFTA and the FDCPA.

(Docket No. 9 at 1-2). Defendant then argues that dismissal of the FDCPA claims is warranted because it is time-barred, and because the electronic fund transfers are not governed by that Act.

1

Defendant cites <u>Wike v. Vertrue, Inc.</u>, 566 F.3d 590 (6th Cir. 2009), an EFTA case decided in the context of a motion for summary judgment, for the proposition that "[b]ecause the date of transfer 'triggers the limitations clock,' a claim by Plaintiff that he had arranged preauthorized withdrawals prior to the first debit occurring on July 7, 2010 would provide grounds for his entire complaint to be time barred because he had notice of his alleged injury more than one year prior to the filing of his complaint." (Docket No. 9 at 3 n.1). Defendant then elaborates:

> . . . Plaintiff claims that FKSC initiated an electronic fund transfer "on or about July 7, 2010." Complaint ¶ 19. Plaintiff filed his complaint on July 21, 2010. Any cause of action arising prior to that date is time barred by statute. Plaintiff claims that the July, August, and September withdrawals were a series of pre-authorized withdrawals. Complaint ¶¶ 19-21. Although Defendant contests this pleadings of facts, if it is taken as true Plaintiff's case is time barred and must be dismissed because his cause of action, or injury, arose on July 7, 2010 – the date the first withdrawal was made and Plaintiff became aware of the processing fee he alleges not to have authorized. At minimum, Plaintiff's claims in connection with the July 7, 2010 electronic funds transfer must be dismissed. Because Plaintiff had notice of the injury on that date and has framed his complaint as one transaction – a series of preauthorized withdrawals triggered by his authorization prior to July 7, 2010 f [sic] this series of transfers – his entire complaint should be dismissed as time barred.

(<u>Id</u>. at 3).

It could very well be that the three "withdrawals were a series of pre-authorized withdrawals," and that Plaintiff knowingly authorized the withdraws prior to July 7, 2010, but that is not what paragraphs 19 through 21 of the Complaint say. Rather, those paragraphs state:

> 19. On or about July 9, 2010, August 6, 2010 and September 8, 2010, Defendant initiated an electronic fund transfer from Plaintiff's account.
>
> 20. In connection with the initiation of the electronic fund transfers from Plaintiff's account, Defendant charged and collected from Plaintiff a processing fee of $4.24.
>
> 21. Defendant did not have actual authority to charge or collect a processing fee from Plaintiff.

(Docket No. 1 at ¶¶ 19-21).

Without citation to any authority, Defendant next argues that the transfers in this case are not governed by the FDCPA. In doing so, Defendant states that "the funds transfer was authorized by Plaintiff to pay toward a judgment obtained in the Davidson County General Sessions Court" and argues:

> . . . Plaintiff's complaint revolves around charges made by FKSC in association with a specific type of payment - an electronic funds transfer. The $4.24 processing fee is a convenience fee charged by the service provider for the service of processing the debit payment. It is not applied to the underlying debt nor is it governed by the debt instrument. Plaintiff's complaint is about the form of payment itself, not the debt or debt instrument, and the convenience fees associated with making such a payment. The creditor is not a party to the transaction, and does not provide, approve, or otherwise involve itself with the services rendered. . . .
>
> In order to provide debtors with the option of paying by debit card, FKSC entered into a contract and agreement with service providers. These service providers act in the capacity of merchants and are necessary intermediaries in transaction processing. Service providers validate card numbers and expiration dates, obtain authorization from the card issuers and issue confirmation numbers at the end of the payment transaction. They forward payment information to FKSC for posting to debtors accounts. FKSC does not directly charge any fees for card payments. Additionally, FKSC cannot pay or reimburse any convenience fee to debtors. Convenience fees are charged by the service providers.

(Docket No. 9 at 4).

Again, all of this may be true, but the Court's review is limited to the allegations in the Complaint. From Plaintiff's Complaint, the Court does not know about the nature of the underlying judgment, whether Plaintiff authorized service fees, whether a creditor was a party to the transaction, whether FKSC entered into contracts with service providers who merely validated numbers, and obtained authorizations, or whether FKSC charges any fees for card payments.

Finally, as a part of its Motion to Dismiss, and not by way of separate Motion, Defendant claims that it is entitled to an award of attorney's fees in defending this case. At this point, that request will be denied for several reasons.

First, while the FDCPA allows for an award of attorney's fees to the Defendant "[o]n a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment," 15 U.S.C. § 1692k(a)(3), the Court has not made any such determination, at least as of yet. Second, this Court's Local Rules require that any motion for an award of attorney's fees be accompanied by an affidavit which shows the reasonableness of the fees sought. L.R. 54.01(b)(3). Third, in requesting fees, Defendant attaches letters which were exchanged between counsel. Even though those letters might support the contention that the filing of this suit was for purposes of bad faith and harassment, the letters are not properly before the Court in the context of the presently pending Motion to Dismiss.

On the basis of the foregoing, Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 9) will be granted with respect to Plaintiff's claims under the EFTA, but denied with respect to Plaintiff's FDCPA claim.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE