# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RICKY McCUTCHEON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 3-11-0696 |
| v. ) | Judge Sharp |
| ) | |
| FINKELSTEIN KERN STEINBERG ) | |
| & CUNNINGHAM, ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM

On September 11, 2012, Plaintiff accepted a Rule 68 Offer of Judgment (Docket No. 35) to settle his Fair Debt Collection Practices Act case for $500.00. The Offer specifically provided that attorneys' fees would be determined by the Court, and Plaintiff has moved for attorneys' fees and costs (Docket No. 38).

## I.

Under the FDCPA, a prevailing party is entitled to "a reasonable attorney's fee" and costs. 15 U.S.C. § 1692k(a)(3). "A reasonable fee is one that is 'adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'" Dowling v. Litton Loan Serv., LP, 320 Fed. Appx. 442, 446 (6th Cir. 2009) (quoting, Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004). "Determining a reasonable fee begins with calculating the product of 'a reasonable hourly rate' and 'the number of hours reasonably expended on the litigation.'" Id. (quoting, Hensley v. Eckerhart, 461 U.S. 424, 433(1983)). "This product has come to be known as the 'lodestar,'" and there is "a 'strong presumption' that the lodestar 'represents a reasonable fee.'" Id. (quoting,

Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)).[1]

**II.**

Plaintiff requests attorneys' fees in the amount of $11,959.50, based upon the following rates and hours:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Alex Weisberg | 0.7 | $ 335.00 | $ 234.50 |
| Marshall Meyers | 1.1 | $ 335.00 | $ 368.50 |
| Craig Ehrlich | 10.2 | $ 335.00 | $ 3,417.00 |
| Joe Panvini | 1.0 | $ 175.00 | $ 175.00 |
| Chris Fagan | 9.0 | $ 175.00 | $ 1,575.00 |
| Russ Thompson | 4.7 | $ 175.00 | $ 822.50 |
| Paul Guibao | 0.8 | $ 250.00 | $ 200.00 |
| Tremain Davis, Paralegal | 5.5 | $ 135.00 | $ 742.50 |
| Melissa Norton, Paralegal | 0.6 | $ 135.00 | $ 81.00 |
| Cathy Bopp, Paralegal | 0.2 | $ 135.00 | $ 27.00 |
| Sonya Rodriguez, Paralegal | 11.3 | $ 135.00 | $ 1,525.50 |
| Lydia Bultemeyer, Paralegal | 0.9 | $ 135.00 | $ 121.50 |
| Tara St. Angelo, Paralegal | 0.7 | $ 135.00 | $ 94.50 |
| Jeanette Soto, Paralegal | 0.8 | $ 135.00 | $ 108.00 |
| Andra Cruickshank, Law Clerk | 14.0 | $ 135.00 | $ 1,890.00 |
| Simon Willman, Law Clerk | 4.2 | $ 135.00 | $ 567.00 |
| Natalia Castro, Legal Assistant | 0.1 | $ 100.00 | $ 10.00 |
| **TOTAL** | 65.8 (Avg): | $ 181.75 | $ 11,959.50 |

(Docket No. 38 at 10). Plaintiff also seeks $558.08 in costs.

Defendant does not quarrel with the requested costs, but argues that the attorneys' fee request should be significantly reduced because some hourly rates are too high, and some work was unnecessary. Specifically,

> Defendant submits that the attorney fees requested by Plaintiff's counsel should be reduced from $335.00 per hour to $250.00 per hour for the three (3) attorneys involved, reducing their claim by $1,020.00. Defendant would further submit that

---

[1] While the lodestar amount is presumptively reasonable, "[t]he FDCPA . . . 'does not mandate a fee award in the lodestar amount,' and the district court maintains discretion to depart from it in appropriate circumstances.'" Randle v. H & P Capital, Inc., 513 Fed. Appx. 282, 283-84 (4th Cir. 2013) (citation omitted).

> Sonya Rodriguez's 8.7 hours incurred in producing Notices of Deposition should be denied for Plaintiff's failure to contact Defendant to arrange a mutually agreeable time and date for the depositions, which would reduce their fees by $1,174.50. Further, Defendant submits that the 6.9 hours incurred by Andra Cruickshank of reviewing and preparing the Plaintiff's Rule 37 letter be disallowed as the Defendant's objections were proper and Plaintiff's effort to obtain the extraneous information was abandoned. This would reduce their claim by $931.50. A reduction in the hourly rate for paralegals, law clerks, and legal assistants to, for example $65.00 per hour, for the remaining 29.5 hours billed would reduce Plaintiff's claim by $2,065.00 resulting in a total reduction of $5,191.00, leaving a total fee of $6,768.50 plus cost of $558.00.

(Docket No. 39 at 5). The Court agrees that some reduction is proper, but not to the extent requested by Defendant.

Turning first to the requested hourly rates, "the party seeking attorneys' fees bears the burden of proving the reasonableness of the hourly rates claimed." Van Horn v. Nationwide Prop. and Cas. Ins. Co., 436 Fed. Appx. 496, 498 (6th Cir. 2011) (citing, Granzeier v. Middleton, 173 F.3d 568, 577 (6th Cir. 1999)). In support of the $335 hourly rate for attorneys Weisberg, Meyers and Ehrlich, Plaintiff points out that each has significant experience in the consumer rights field, and relies upon the "Laffey Matrix," the "United States Consumer Law Attorney Fee Survey Report 2010-2011," and affidavits from Joshua Trigsted and Todd M. Friedman, both of whom opine that the hourly rates requested for both lawyer and paralegal time is reasonable.

"To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004). "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." Gonter v. Hunt Valve Co., Inc., 510 F.3d 610, 618 (6th Cir. 2007).

3

At present, the prevailing market rate in the Middle District of Tennessee for experienced attorneys seeking recovery of attorneys' fees under federal fee shifting statutes generally hovers between $250 and $275 per hour. See, Siddle v. Crants, 2013 WL 1245678 at * 16 (March 26, 2013) (awarding fees fo $275 per hour for name partner with significant experience); Green Party of Tennessee v. Hargett, 2012 WL 511224 at *5 (M.D. Tenn. Nov. 14, 2012) (approving $250 per hour for counsel who had significant experience in election law cases); EEOC v. Whirlpool Corp., 2011 WL 3321291 at *5 (M.D. Tenn. Aug. 2, 2011) (awarding an hourly rate of $275.00 to experienced civil rights attorney); Rich v. Sevier, 2011 WL 2669263 at *1 (M.D. Tenn. 2011) (finding $250 per hour for "senior counsel" and $200 for "junior counsel" appropriate).

In determining whether a requested hourly rate is appropriate, a court may look not only to past awards within the district, but the other submissions offered in support of the award such as surveys and affidavits. See, Waldo v. Consumers Energy Co., ___ F.3d ___, ___. 2013 WL 4038747 at *12 (6th Cir. Aug. 9, 2013); Sykes v. Anderson, 419 Fed. Appx. 615, 618 (6th Cir. 2011). The Court has done so in this case, but is unpersuaded that an increase about the generally awarded rate is appropriate, and the Court finds $275.00 to be the appropriate hourly rate for attorneys Weisberg, Meyers and Ehrlich.

The Attorney Fee Survey Report is more than 60 pages long and contains many tables, yet Plaintiff makes no effort to place the Report in context, other than to say that "[p]age 13 of the attached survey shows that the average billing rate for firms with more than 5 attorneys in the Tennessee area is $283 per hour." (Docket No. 38 at 12). It could be that the report in some way supports the $335 per hour request, but that is in no way self-evident as the overall hourly rates for attorneys in large firms in the South and in Tennessee itself are both far less than that amount. For

those practicing consumer law in the South, the hourly rates vary dramatically from $175 per hour to $375 dollars per hour, but, even then, only those practicing between 16 and twenty years earn $335 or more per hour. Regardless, the Court's task is to award a fee that is reasonable for work performed in this district, not provide a windfall.

The Laffey Matrix also does not persuade the Court that a higher fee in this case is appropriate. That matrix "is a rate schedule for litigating attorneys in the Washington–Baltimore area, set by the United States Attorney's Office following Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354, 371 (D.D.C. 1983)," Jablonski v. Portfolia Recovery Assoc., 2012 WL 1552462 at *3 n.3 (N.D. Ohio April 30, 2012), and is inapposite. See, Caudill v. Sears Transition Pay Plan, 2011 WL 1595044 at *12 (E.D. Mich. April 26, 2011) ("Plaintiffs' references to the Laffey Matrix and cases outside of this district and covering different areas of the law also do not prove that the prevailing market rate for ERISA class action litigation in the Eastern District of Michigan is $500/hour"); Wade v. Kroger, 2008 WL 4999171 at *10 (W.D. Ky. Nov. 20, 2008) ("Lawyers of comparable skill and experience in the Western District of Kentucky did not bill, and if they had the temerity to do so, did not actually command rates at the level of even the USAO's Laffey Matrix").[2]

The submitted affidavits are from experienced attorneys, but both are licensed outside of Tennessee and practice elsewhere. While they have reviewed the requested fee petition and find it reasonable, they claim familiarity only "with the hourly rates charged by consumer attorneys in federal consumer cases." (Docket No. 38-14 at 2 Trigsted Aff. ¶ 4; at 4 Friedman Aff. ¶ 4). As noted however, the goal is to set an hourly rate that lawyers of competent skill and experience can

---

[2] The Court notes that in Addock-Ladd v. Sec. of Treasury, 277 F.3d 343, 346-47 (6th Cir. 2000), the Sixth Circuit looked to the Laffey Matrix in determining the appropriate fee, but did so in regard to a Washington attorney "for work performed within the District of Columbia."

expect to command in this district, and one that is sufficient to encourage effective representation.

With regard to the $135 per hour for professional, non-attorney time (designated variously in the present petition as being performed paralegals, law clerks or a legal assistant), that rate, too, is significantly higher than the rate normally allowed for paralegal work, and the Court has not been provided with any information as to the certification or experience of these paralegals. Facing similar circumstances, Judge Nixon wrote:

> Fees for paralegal services are recoverable; the Supreme Court has found that the term "attorney fees" as used in 42 U.S.C. § 1988 embraces the fees of paralegals as well as attorneys. . . . In determining the reasonableness of paralegal fees, "the court should scrutinize the reported hours and suggested rates in the same manner it scrutinizes lawyer time and rates." . . . Although Plaintiff provides significant documentation on the hourly activities of each employee, counsel for Plaintiff failed to provide evidence to justify her request for these employees' hourly rates, nor does counsel provide evidence that these requested rates are the prevailing market rate for paralegal work. A judge in this District, when faced with the same lack of documentation or support for paralegal fees of upwards of $100.00 per hour, found that $75.00 per hour for paralegal time was the appropriate rate. Baltimore v. City of Franklin, No. 06–0578, 2008 WL 2437637, at *6 (M.D. Tenn. June 16, 2008). Accordingly, in light of Baltimore and the lack of documentation provided by Ms. Rogers justifying higher hourly rates, the Court will award those employees that it has determined to be paralegals a rate of $75.00 per hour for the hours reasonably expended on this litigation.

Whirlpool Corp., 2011 WL 3321291 at * 3 (some internal citations omitted). The undersigned will do likewise, and award $75 per hour for paralegal work. See, Smith County Educ. Ass'n v. Smith County Bd. of Educ., 2012 WL 78382 (M.D. Tenn. Jan. 10, 2012) (approving $75 per hour for paralegal time); Garcia v. Conway, 2011 WL 6778258 at *1 (M.D. Tenn. Dec. 23, 2011) (same).

In addition to the hourly rates, Defendant objects to the hours expended in two particulars. First, it objects to the 8.7 hours spent by paralegal Sonya Rodriguez in setting and resetting depositions, and claim her efforts would have been unnecessary had she contacted Defendant's office so that a mutually agreeable time and location could be arranged for the depositions.

6

Assuming this to be correct (Plaintiffs did not file a reply to argue otherwise), spending what amounts to more than an entire workday in setting three depositions is excessive. Still, some time would be necessary to set and notice the deposition, and, accordingly, the Court will reduce the requested hours by 7 hours, leaving 1.7 hours for schedulig, setting and noticing those depositions.

Second, Defendant objects to the 6.9 hours Andra Cruickshank spent in preparing a Rule 37 letter which was sent to Defendant just before depositions were scheduled. Defendant claims that this was excessive because much of what Plaintiff asked for was unnecessary or relevant to this case, and Plaintiff did not seek relief from Defendant's objections to the allegedly unreasonable discovery. Again, Plaintiff has not provided its take on this situation but, assuming Defendant's characterization to be true, Defendant has not shown that the Rule 37 letter was entirely unnecessary, or that it did not serve some useful purpose. The Court will reduce Ms. Cruickshank's hours by 3.5 hours, which is approximately one-half of the amount she billed for the Rule 37 letter.

## IV.

In light of the foregoing, the Court will award attorneys' fees as follows:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Alex Weisberg | 0.7 | $ 275.00 | $ 192.50 |
| Marshall Meyers | 1.1 | $ 275.00 | $ 302.50 |
| Craig Ehrlich | 10.2 | $ 275.00 | $ 2,805.00 |
| Joe Panvini | 1.0 | $ 175.00 | $ 175.00 |
| Chris Fagan | 29.0 | $ 175.00 | $ 1,575.00 |
| Russ Thompson | 4.7 | $ 175.00 | $ 822.50 |
| Paul Guibao | 0.8 | $ 250.00 | $ 200.00 |
| Tremain Davis, Paralegal | 5.5 | $ 75.00 | $ 412.50 |
| Melissa Norton, Paralegal | 0.6 | $ 75.00 | $ 45.00 |
| Cathy Bopp, Paralegal | 0.2 | $ 75.00 | $ 15.00 |
| Sonya Rodriguez, Paralegal | 4.3 | $ 75.00 | $ 322.50 |
| Lydia Bultemeyer, Paralegal | 0.9 | $ 75.00 | $ 67.50 |
| Tara St. Angelo, Paralegal | 0.7 | $ 75.00 | $ 52.50 |

| | | | |
|---|---|---|---|
| Jeanette Soto, Paralegal | 0.8 | $ 75.00 | $ 60.00 |
| Andra Cruickshank, Law Clerk | 10.5 | $ 75.00 | $ 787.50 |
| Simon Willman, Law Clerk | 4.2 | $ 75.00 | $ 315.00 |
| Natalia Castro, Legal Assistant | 0.1 | $ 75.00 | $ 7.50 |
| **TOTAL** | | | $ 8,157.50 |

The Court will also award costs in the amount of $558.08.

    An appropriate Order will be entered.

*/s/ Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE